DLD-161                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2942
_____

STEVEN W. WOODSON, JR.,
                                                        Appellant

v.

JODI SHEESLEY; BRIAN SIMONS; ANGEL GRESSEL; JANA SMITH; E.
MONGELLUZZO; RENEE ADAMS-KINZEL; M. BLICHA; DAVID PERRY; I.
GUSTAFSON
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:20-cv-00310)
Magistrate Judge:  Honorable Richard A. Lanzillo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 5, 2025
Before:  RESTREPO, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: July 30, 2025)
_____

OPINION[*]
_____

**PER CURIAM**

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Steven W. Woodson, Jr., a Pennsylvania prisoner proceeding pro se, appeals from the District Court's order denying his motion for summary judgment and granting the appellees' motions for summary judgment. We will summarily affirm.

Woodson filed a complaint in the District Court claiming that prison officials and medical staff at SCI-Forest violated his Eighth and Fourteenth Amendment rights by failing to protect him from self-harm. He alleged that members of the prison's Psychiatric Review Team (PRT) and Program Review Committee (PRC) were aware of his past acts of self-harm yet failed to provide appropriate treatment and housing to prevent him from using his cellmate's razor to make cuts to his neck on August 2, 2020.

Following discovery, the parties filed cross-motions for summary judgment. The District Court determined that the evidence established that Woodson received regular and appropriate medical treatment and entered judgment in favor of the defendants. Woodson appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] Our review of the District Court's decision is plenary. See Wiest v. Tyco Elecs. Corp., 812 F.3d 319, 327–28 (3d Cir. 2016). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, the court concludes that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Kaucher v.

---

[1] We lack jurisdiction to review the District Court's orders entered after Woodson filed his notice of appeal because he did not file a new notice of appeal or amend his original notice to include a challenge to any subsequent orders. See Fed. R. App. P. 4(a)(4)(B)(i).

County of Bucks, 455 F.3d 418, 422–23 (3d Cir. 2006). We may summarily affirm a decision of the District Court if the appeal does not raise a substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

We have carefully reviewed the record and see no error in the District Court's decision. We refer the parties to the District Court's memorandum opinion for a complete analysis. In sum, we agree with the District Court that Woodson failed to present any evidence from which a reasonable juror could conclude that the medical defendants acted with deliberate indifference toward his mental health needs; rather, the record reflects that he received timely and adequate medical attention throughout the six months leading up to the August 3 incident. See Estelle v. Gamble, 429 U.S. 97, 104–05 (1976) (providing that the "deliberate indifference" standard is met when a prison official intentionally denies or delays access to medical care or intentionally interferes with a treatment plan); Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (providing that mere disagreement as to the proper medical treatment is insufficient to establish deliberate indifference). Nor did Woodson show that the non-medical staff were deliberately indifferent. He was under the care of psychiatric staff and provided no evidence that he was being mistreated by psychiatric staff and that the non-medical staff were aware of this mistreatment. See Spruill, 372 F.3d at 236. Woodson also failed raise a genuine issue of fact as to his equal protection claim, as he did not present any evidence that he was treated differently from other inmates suffering from mental-health issues based on

3

his membership in a protected class.  See Mack v. Warden Loretto FCI, 839 F.3d 286, 305 (3d Cir. 2016).

For these reasons, we conclude that there is no substantial question presented by this appeal.  We will therefore summarily affirm the District Court's judgment.